Bohannon *vs.* Jones.

CASES ARGUED AND DETERMINED

IN THE

# Supreme Court of the State of Georgia,

AT MACON, JUNE TERM, 1860.

Present—JOSEPH H. LUMPKIN,  
          LINTON STEPHENS,  } JUDGES.  
          RICHARD F. LYON,

## BOHANNON *vs.* JONES.

1. When one who is sheriff, has been compelled to pay off an execution, and the defendant therein pays a third person to pay the debt, and such third person promises to pay the sheriff the amount he has paid on the execution for the defendant, having received the money for that purpose, the promise is good, and not within the Statute of Frauds, or obnoxious to public policy.

Assumpsit, in Dooly Superior Court. Tried before Judge LAMAR, at April Term, 1860.

This was an action brought by the plaintiff in error against the administratrix of Andrew J. Shine, deceased, upon an alleged promise of Andrew J., made in his lifetime, to pay the amount due on a certain *fi. fa.*, under the circumstances hereinafter developed by the evidence of the plaintiff.

On the trial, the plaintiff put in evidence the following facts:

Said Bohannon being Sheriff of Dooly county, levied a *fi.*

*fa.* in favor of J. B. and W. A. Ross *vs.* Jacob Slappy, for the principal sum of $86 00, besides interest and costs on a certain horse, the property of defendant in *fi. fa.*, which horse was not sold by the sheriff.   It appears that afterwards the said sheriff was compelled, in 1854, to pay the amount due on the *fi. fa.*, amounting to $84 00.   It further appears, that at the time the *fi. fa.* was levied, Andrew J. Shine, then in life, went to Bohannon and told him that if he would leave the horse with Slappy and not sell him, he, Shine, would pay Bohannon the amount due on the *fi. fa.*   Bohannon acepted the proposal, and did not sell.   Slappy gave up the horse to Shine, who sold him to one Lane for $90 00, cash, to secure himself on his promise to Bohannon; that Bohannon called on Shine after he had paid up the *fi. fa.* as stated, and Shine did not pay him, but promised him that he would do so.   Shine died before paying the money.

The witness, Slappy, also testified, that Shine became somewhat angry with Bohannon; said he would not pay him; came to witness and wanted to pay him, witness; Shine paid Samuel Story twelve dollars and fifty cents; Connelly, one of witness' lawyers, twenty-five dollars, and two dollars and fifty cents tavern bill; promised to pay one Royal twelve dollars; the debts of defendant which Shine promised to pay, amounted to fifty-two dollars.

The defendant introduced no evidence, but moved for a non-suit, on the ground that the promise sued on, not being in writing, was void.   The Court sustained the motion, and counsel for plaintiff excepted.

Dawson, represented by Lanier & Anderson, for plaintiff in error.

DeGraffenreid, *contra.*

*By the Court.*—Lyon, J., delivering the opinion.

The judgment of non-suit awarded by the Court below, was put on two grounds: 1st. That the promise of Shine to pay this debt was within the Statute of Frauds, being a promise, not in writing, to pay the debt of a third person. 2d. That the agreement was against public policy, and therefore void.

If the plaintiff had relied for a recovery on the first agreement made between Shine and himself, wherein Shine prom-

ised to pay the debt, if he, the plaintiff, would not, as sheriff, sell Slappy's horse for its payment, then the Court would have been right, for both reasons; but the plaintiff did not rely on that promise. After the plaintiff had been compelled to pay the amount due on the execution, it was a debt due to him, and he had the right to recover the same from Slappy, as for so much money paid to his use. While the debt was in that condition, the plaintiff called on Shine for the money, and Shine promised to pay it to him; that promise was good and binding on him, because Slappy had previously paid Shine to pay this debt. He had put a horse in his hands to raise the money to pay this debt with. Shine had sold the horse to Lane for $90 00, and received the money; that money he received to pay this debt, and was enough for that purpose. The debt then became his own debt, and not Slappy's. The promise created such a privity as enabled the plaintiff to recover. The Statute of Frauds was not enacted to suit such a case as that, nor is it within the statute, nor contrary to public policy. The non-suit was improperly awarded.

Judgment reversed.